**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

MAID TO PERFECTION CORPORATION,
Plaintiff-Appellant,

v.

MICHELLE HYMAN; MAID TO
PERFECTION, INCORPORATED,
Defendants-Appellees.

No. 95-1226

MAID TO PERFECTION CORPORATION,
Plaintiff-Appellee,

v.

MICHELLE HYMAN; MAID TO
PERFECTION, INCORPORATED,
Defendants-Appellants.

No. 95-1227

Appeals from the United States District Court
for the Eastern District of Virginia, at Alexandria.
T. S. Ellis, III, District Judge.
(CA-94-624)

Argued: March 4, 1996

Decided: May 6, 1996

Before HAMILTON, WILLIAMS, and MICHAEL, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Vincent Mark Amberly, NATH, AMBERLY & ASSO-CIATES, Washington, D.C., for Appellant. Joel S. Aronson, OBER, KALER, GRIMES & SHRIVER, P.C., Washington, D.C., for Appellees. **ON BRIEF:** Sam J. Alberts, OBER, KALER, GRIMES & SHRIVER, P.C., Washington, D.C., for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

This case concerns the territorial rights, under the Lanham Act, 15 U.S.C. § 1051 et seq., of two businesses that provide cleaning services and operate under the mark MAID TO PERFECTION.

I

The senior user, Maid to Perfection Incorporated (MTPI), is a Virginia corporation that has been performing residential and commercial cleaning services in Northern Virginia under the mark MAID TO PERFECTION since August 1990. The junior user, Maid to Perfection Corporation (MTPC), has been performing residential and commercial cleaning services in Maryland and elsewhere under the mark MAID TO PERFECTION since September 1990.

On October 1, 1990, MTPC filed an intent to use application for use of the mark MAID TO PERFECTION with the Patent and Trademark Office, and the registration was issued on May 12, 1992. As of May 12, 1992, the date the mark was issued to MTPC, MTPI was doing business in Fairfax County (twenty-eight customers), Prince William County (eight customers), Arlington County (two customers), and the City of Alexandria (four customers), and maintained an

2

office in Prince William County.* MTPI was not conducting business in Loudoun and Fauquier Counties and had no customers in the cities of Manassas or Manassas Park.

In April 1992, MTPC's office received two telephone calls regarding interest in franchises in Virginia. As MTPC did not then and does not now have any franchises in Virginia, MTPC called Virginia telephone information and obtained the telephone number of MTPI. An employee of MTPC then called MTPI and learned that its business was a cleaning service.

MTPC then filed this action in the United States District Court for the Eastern District of Virginia against MTPI and MTPI's chief operating officer, Michelle Hyman, alleging federal trademark infringement under the Lanham Act, 15 U.S.C. § 1051 et seq., of its federally registered mark MAID TO PERFECTION. MTPC also sought a declaratory judgment as to the scope of MTPI's trading area in the Commonwealth of Virginia. After holding an evidentiary hearing, the district court found that MTPI, as the senior user of the mark MAID TO PERFECTION, was entitled to operate, under the doctrines of prior use and the zone of natural expansion, in the areas that it was operating in as of May 12, 1992, the date of MTPC's federal registration, and the areas into which it was likely to expand. Applying these principles, the district court found that MTPI was entitled to operate maid services and advertise under the MAID TO PERFECTION mark throughout Fairfax County, Arlington County, Prince William County (with the exception of the City of Manassas and the City of Manassas Park), the City of Alexandria, and the City of Falls Church and permanently enjoined MTPC from using the MAID TO PERFECTION mark in these areas. The district court further found that MTPC, as the junior user/federal registrant, was entitled to operate maid services and advertise under the MAID TO PERFECTION mark in all other areas, including Loudoun County, Stafford County, Fauquier County, the City of Manassas and the City of Manassas Park. Both MTPC and MTPI appeal from the district court's judgment.

_____

*From the end of 1990 until May 12, 1992, MTPI's business had more than doubled in size--from approximately twenty customers at the end of 1990 to over forty as of May 12, 1992.

II

The parties attack the district court's judgment on several fronts, and we shall address these contentions in turn.

A

MTPC contends that the district court erred in applying the doctrine of the zone of natural expansion to determine the territorial rights of MTPI. This argument has no merit.

Under the Lanham Act, any mark that has not achieved incontestible status, as the mark in this case, is subject to "any legal or equitable defense or defect, including those set forth in subsection (b) of this section, which might have been asserted if such mark had not been registered." 15 U.S.C. § 1115(a). If the mark in this case was not registered, the territorial rights of the parties would be governed by the common law. At common law, the territorial extent of the use of a mark was "restricted to the locality where the mark [was] used and to the area of probable expansion." Spartan Food Sys., Inc. v. HFS Corp., 813 F.2d 1279, 1282 (4th Cir. 1987); see also Food Fair Stores, Inc. v. Lakeland Grocery Corp., 301 F.2d 156, 161 (4th Cir.) ("It has been generally recognized . . . that an established trade name is entitled to protection not only in the area in which it already renders service or sells goods but also in areas to which its trade may reasonably be expected to expand."), cert. denied , 371 U.S. 817 (1962). Because at common law MTPI's territorial rights included its area of use and zone of natural expansion, the district court correctly applied the zone of natural expansion to this case.

B

The district court found that MTPI was entitled to operate under the MAID TO PERFECTION mark throughout Fairfax County, Arlington County, Prince William County (with the exception of the City of Manassas and the City of Manassas Park), the City of Alexandria, and the City of Falls Church and permanently enjoined MTPC from using the MAID TO PERFECTION mark in these areas. The district court further ordered that MTPC was entitled to operate under

4

the MAID TO PERFECTION mark in all other areas, including Loudoun County, Stafford County, Fauquier County, the City of Manassas, and the City of Manassas Park. On appeal, MTPC contends that MTPI's trading area is too large and MTPI contends its trading area is too small.

Under the zone of natural expansion test, to determine whether an area falls within a user's area of exclusive use we look to the party's: "(1) previous business activity; (2) previous expansion or lack thereof; (3) dominance of contiguous areas; (4) presently-planned expansion; and, where applicable (5) possible market penetration by means of products brought in from other areas." Spartan, 813 F.2d at 1283 (citation and internal quotes omitted).

Under this test, we believe the district court correctly established the territorial rights of the parties. First, MTPI has operated successfully since August 1990 and has continuously expanded since that date. Second, as of the date of MTPC's federal registration (May 12, 1992), the date which the parties conceded at oral argument was the critical date for establishing the parties' territorial rights, MTPI's business had more than doubled in size--from approximately twenty customers at the end of 1990 to over forty as of May 12, 1992. Third, there was evidence that MTPI, as of May 12, 1992, intended to expand. And although MTPI was not dominant in contiguous areas, we cannot say, under these circumstances, that the district court erred in establishing the territorial rights of the parties.

C

In a counterclaim, MTPI requested an order directing the Patent and Trademark Office to issue a concurrent registration to MTPI in its market area. See 15 U.S.C. §§ 1052(d) and 1119. At this point, we are not in a position to review this claim as the district court never addressed the issue. However, the district court's failure to address this issue is understandable because MTPI never raised this issue during the district court's evidentiary hearing. If MTPI had a problem with the district court's failure to address this issue, it should have brought the matter to the attention of the district court. In light of MTPI's failure to sufficiently develop this issue below, we decline to address it.

5

III

Accordingly, for reasons stated herein, the judgment of the district court is affirmed.

AFFIRMED

6